# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DEURSLA LASHAY BARRON                                                                    PLAINTIFF

v.                                              3:20CV00183-DPM-JTK

TONI RAYMOND                                                                            DEFENDANT

## ORDER

### I.   In Forma Pauperis

Plaintiff Barron, an inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has filed a Motion to Proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (Doc. No. 1). This includes the appropriate financial information which makes the showing required by the statute, and accordingly, Plaintiff's Motion will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[2]  Based on information contained in a certified copy of Plaintiff's inmate trust fund account, the Court shall assess an initial partial filing fee of $1.03.  If Plaintiff's account

---

[1] The Plaintiff is hereby notified of her responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to FED.R.CIV.P. 41.

In addition, if Plaintiff has not completely exhausted her administrative remedies with respect to all her claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. Sect. 1997e, she may file a motion to dismiss her unexhausted claims.

[2] Effective May 1, 2013, the statutory filing fee is $400, which reflects a $50 administrative fee.  The $50 fee does not, however, apply to plaintiffs who are granted in forma pauperis status.

does not contain the full amount assessed as an initial partial filing fee, the Administrator of the Craighead County Detention Center or his/her designee shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00. Regardless of the balance in the account, the Administrator of the Detention Center or his/her designee shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Upon payment of the initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Plaintiff's custodian is requested to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint

2

the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). However, regardless whether a plaintiff is represented or appearing pro se, the complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Analysis**

Plaintiff complains that she has been blocked from using the kiosk to file grievances and requests, but she does not include any allegations against the named Defendant Raymond. In addition, allegations about a grievance process do not support a constitutional claim for relief. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)).

The Court will grant Plaintiff an opportunity to amend her Complaint, in accordance with FED.R.CIV.P 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff is directed to file a short Amended Complaint within thirty days which sets forth **one claim** (referring to one incident) against the named Defendants involved, which she wishes to pursue in this case. (Her other claims should be set forth in separate lawsuits.) Plaintiff is cautioned that an Amended Complaint renders her original Complaint without legal effect[3] and only claims properly set out in the Amended Complaint will be allowed to proceed. Plaintiff's Amended Complaint should: **1) name all the parties she believes deprived her of her constitutional rights and whom she wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether she is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how she was harmed; and 5) state if she is incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations she has set forth including, where applicable, dates, times and places.**

### IV.   Pleadings

The Court is sensitive to the fact that pro se litigants like Plaintiff are not trained in the law and will give deference to a pro se plaintiff where the law requires.  However, all parties, including pro se litigants, must comply with substantive and procedural law.  Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).  Accordingly, the Court will only consider claims properly pled in

---

[3] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996), (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

a Complaint or in a superseding Amended Complaint. Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure..

## V.     Conclusion

IT IS, THEREFORE, ORDERED that:

1.     Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 1) is GRANTED.

2.     As Plaintiff's present custodian, the Administrator of the Craighead County Detention Facility or his/her designee shall collect from Plaintiff's institutional account an initial partial filing fee of $1.03 and forward that amount to the Clerk of this Court. The payment must be clearly identified by the name and number assigned to this action.

3.     Thereafter, the Administrator of the Craighead County Detention Facility or his/her designee, or any future custodian, shall collect from Plaintiff's institutional account the $348.97 balance of the filing fee by collecting monthly payments equal to 20 percent of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments forwarded on Plaintiff's behalf shall be clearly identified by the name and number assigned to this action.

4.     Plaintiff shall file an Amended Complaint in accordance with the above instructions within thirty (30) days from the date of this Order. The Clerk shall mail Plaintiff the Court-provided 42 U.S.C. § 1983 Complaint form, and upon the filing of the Amended Complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e). Plaintiff's failure to comply with the Court's instructions may result in the dismissal of this action.

See Local Rule 5.5(c)(2).

5.   The Clerk of the Court shall send a copy of this Order to the Craighead County Detention Facility, 901 Willett Road, Jonesboro, Arkansas 72401.

6.   Service is not appropriate at this time.

IT IS SO ORDERED this 20th day of July, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE